UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-308-KSF

CAROLYN WALTERS                                                                PLAINTIFF

vs.                         **OPINION AND ORDER**

KENTUCKY-AMERICAN WATER CO., et al.                             DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Plaintiff to remand the action to the Fayette Circuit Court. For the reasons discussed below, the motion will be granted.

**I.    BACKGROUND**

Plaintiff's Complaint alleging sexual discrimination was filed September 18, 2008 against her employer, Kentucky-American Water Company ("KAWC"), and her supervisor, William Buckner. She says her cause of action is based on the Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344. [Complaint ¶¶ 95, 99, 100, 101, 106, 107, 112-114]. She alleges that, because of her sex, she was denied favorable job assignments and associated "upscale pay" to which she claims entitlement under the Collective Bargaining Agreement ("CBA"); was required to perform regular duty work while she was on light duty restrictions; was subjected to a pervasive, intimidating and hostile work environment; and was retaliated against for filing complaints of discrimination and hostile work environment. [Complaint Counts I - III]. She seeks compensatory and punitive damages for these claims, along with costs and attorney fees. [Complaint, p. 23].

Throughout the factual portion of her Complaint, Plaintiff references Section 8 of the CBA, which she claims identifies job assignments associated with upscale pay [¶¶ 11-12], requires supervisors to make those assignments on the basis of seniority [¶¶ 26-27], and which was not followed by Buckner [passim]. She also alleges that assignments on the basis of seniority are a

long-standing method of operation throughout KAWC, and that the practice is called "precedence" within the company. [¶ 24]. Plaintiff alleges that Buckner violated Section 8 of the CBA and precedence and gave assignments to male employees with less seniority than Plaintiff. [¶ 31]. She alleges he ignored "Section 8 of the Union contract" while intentionally assigning male employees with less seniority to upscale pay assignments. [¶ 46]. Later, she alleges he changed her rate of pay in "direct contravention of company policy and the Union contract...." [¶ 51].

In their Answer filed October 15, 2008, Defendants admit that Plaintiff is a member of the National Conference of Firemen and Oilers Local Union 320 and is party to a contract with the Union. [DE 1, Answer ¶¶ 8-9]. Defendants further admit that the CBA governs rates of pay [¶ 11] and defines "seniority" [¶¶ 19-20, 22]. As their Seventh Defense, Defendants stated that "Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a)." [Answer, p. 14].

Defendants did not file their Notice of Removal until September 16, 2009, almost a year after being served with the Complaint.[1] [DE 1]. In the Notice of Removal, Defendants alleged that Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA") because Counts I and II "will necessarily depend upon analysis and interpretation of the terms of a collective bargaining agreement and because they allege violations of the Plaintiff's rights under her union's collective bargaining agreement." [DE 1, p. 3]. Defendants also relied on Plaintiff's testimony in her deposition that her claims of adverse employment actions and harassment were based on, among other things, the failure to give her favorable job assignments and upscale pay and, further, that the validity of her gender discrimination claim "would require, at least in part, an interpretation of the collective bargaining agreement."[2] [DE 1, pp. 3-4]. Additionally, Defendants

---

[1] Buckner was served on September 19, 2008 and Kentucky-American Water Company ("KAWC") was served September 22, 2008. [DE 7-2, p. 6].

[2] Defendants cite to and quote from the deposition transcript, but no pages of the transcript were attached or filed in the record.

2

rely on Plaintiff's testimony that she had rights under the CBA to particular assignments and upscale pay. [*Id.* at 5]. Finally, Defendants state Plaintiff alleged "the Defendants breached the precedence and upscale pay provisions purportedly incorporated in the collective bargaining agreement" and thereby alleged a violation of the CBA that may have originally been brought in federal court under 29 U.S.C. § 185. [*Id.*]. Defendants state they filed the Notice of Removal within thirty days of the "Plaintiff's deposition, from which it was first ascertained that the case is one which is or has become removable...." [*Id.* at 6].

In her motion to remand, Plaintiff argues that her Complaint "clearly and repeatedly claimed violations of her property rights stemming from the collective bargaining agreement...." [DE7-2, pp. 2-3]. Accordingly, Plaintiff claims that any notice of removal should have been filed no later than thirty days after service of the initial pleading or summons. She argues the notice of removal was untimely, and the motion to remand should be granted. In support, Plaintiff notes a number of paragraphs in her Complaint that reference the CBA. [DE 7-2, pp. 5-6]. She also notes references to the CBA in Defendants' Answer and their Seventh Defense that the claims are preempted. Accordingly, she argues there was no need for any clarification through her deposition. [*Id.* at 6-9].

Defendants respond that Plaintiff's motion to remand is untimely, as it was not filed until thirty-three days after the notice of removal. [DE 8]. Defendants further claim that this Court is without authority to extend the time for filing a motion to remand. With respect to their waiting nearly a year to file their notice of removal, Defendants claim they did not know until they took Plaintiff's deposition on August 20, 2009, that her claim involved an interpretation of the union contract. [DE 8, p. 5]. Defendants acknowledge several references to the CBA in the Complaint, but argue that "[n]evertheless, it was not ascertainable from the Complaint that the Plaintiff's claims were definitively preempted by § 301 of the LMRA." [DE 8, p. 6].

3

## II. ANALYSIS

### A. Plaintiff's Motion to Remand Was Timely Filed

On October 8, 2009, Plaintiff filed a Motion for Enlargement of Time, to and including October 19, 2009, to respond to the Notice of Removal. [DE 6]. Her Motion to Remand was filed October 19, 2009. [DE 7]. In responding to the motion, Defendants argued that the remand motion was three days late and that the Court is without authority to extend the time for filing. [DE 8]. The motion for enlargement was granted, and the motion to remand deemed timely filed. [DE 9]. The Court's basis for considering the motion timely is discussed below.

In support of their position that a court has no authority to extend the time for filing a motion to remand, Defendants rely on the plain language of the statute and cases with facts that are distinguishable from the present case. It is true that 28 U.S.C. § 1447(c) states "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendants focus on the word "must" and argue there is "no authority to extend the 30-day window." [DE 8, p. 2]. This court disagrees and finds no authority to preclude a federal court from granting a timely motion for enlargement of time.

By way of analogy, Fed. R. Civ. P. 12(a)(1) states in part:

(A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint....

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

These rules contain the same language that a certain action "must" be taken within a designated time. Enlargements of time to comply with these rules are granted on a regular basis, however. The plain language of 28 U.S.C. § 1447(c) is no more preclusive of an enlargement of time than the language of Rule 12.

4

Defendants also rely on *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines*, 69 F.3d 1034 (9th Cir. 1995) and a case following it, *Hoste v. Shanty Creek Management, Inc.*, 246 F. Supp.2d 776 (W.D. Mich. 2002). Neither case has anything to do with a request for enlargement of time. In *Pittsburg*, the remand motion was filed within thirty days, but no defect in the removal procedure was ever raised until a reply brief more than thirty days after the removal petition. The question before the court was whether it was only the motion to remand that had to be filed in thirty days or whether the defect in removal also had to be raised within thirty days. *Pitt-Des Moines*, 69 F.3d at 1037. The court noted that the "purpose of the 30-day time limit is 'to resolve the choice of forum at the early stages of litigation,' and to 'prevent the "shuffling of cases between state and federal courts after the first thirty days."'" *Id.* at 1038, citations omitted. It concluded, therefore, that the defect in removal must be raised "promptly" or the statutory purpose would be defeated. *Id.* The court held under those circumstances that remand could not be based on a defect in removal raised more than thirty days after the notice of removal. *Id.*

In *Shanty Creek*, the United States Attorney did not receive notice of an order against a non-party, Medicare, to appear at a settlement conference or of an oral ruling imposing sanctions against Medicare until more than thirty days after the orders. *Shanty Creek*, 246 F. Supp.2d at 780. A notice of removal was filed nearly two months after the orders. A motion to remand challenging the timeliness of the removal was not filed until thirty-six days later. The court held the procedural defect in removal was raised too late. *Id.*

Another case relied upon by KAWC is *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560 (5th Cir. 1995), which states that "a district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following filing." *Id.* at 566. Pavone filed his motion thirty-three days after the notice of removal and attempted to rely on Rule 6(e) to extend the filing deadline. The court held that Rule 6(e) applies only to deadlines triggered by "service," not "filing." *Id.* Pavone also

5

argued "he *could* have filed a motion for enlargement of time" and the district court could have granted it. *Id.* The court voiced no disagreement with this statement, but emphasized the "could have" language and did not discuss it further. *Id.*

Finally, KAWC relies on *Deutsche Bank National Trust Co. v. Mitchell*, 2008 WL 2812018 at *3 (E.D. Ky. 2008) for the proposition that the non-removing party must raise the removal defect within thirty days or the right to remand is waived. As discussed below, that case actually supports Plaintiff's position that KAWC's notice of removal was untimely.

KAWC's argument, that a district court is precluded from granting an enlargement of time to file a motion to remand, is not supported by authority and is contrary to the court's discretion in analogous situations. So long as the enlargement is timely filed and results in procedural defects being "raised promptly" as part of the motion to remand, the statutory purpose is served. *Northern California*, 69 F.3d at 1037. Accordingly, it is the opinion of this Court that Plaintiff's motion for enlargement was properly granted, and the motion to remand raising a procedural defect in removal was timely filed.

### B. Defendants Failed to Prove the Notice of Removal Was Timely Filed

"The party removing the case from state court bears the burden of proving that federal jurisdiction exists." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). *See also Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008)(Removing party bears "burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court."). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 549-50. *See also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed.").

6

Defendants state they could not ascertain that Plaintiff's claim was removable under the LMRA until they took her deposition where she testified that an interpretation of the collective bargaining agreement would be necessary. [DE 1, pp. 3-4]. In support of the argument that the case is removable now, however, Defendants state that Plaintiff alleged in her Complaint "that the Defendants breached the precedence and upscale pay provisions purportedly incorporated in the collective bargaining agreement between KAWC and the Plaintiff's union, [and thereby] the Plaintiff has clearly alleged a 'violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce' that may originally be brought in this Court. 29 U.S.C. § 185." [DE 1, p. 5]. If the allegations in the Complaint demonstrate removability now, those same allegations made the action removable a year earlier when the Complaint was served.

The removal statute provides in part: "*If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt ... of a copy of an ... other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b), emphasis added. The opportunity to file a notice of removal after thirty days is *only* available when a case "is not removable" initially. *See Deutsche Bank National Trust Company v. Mitchell*, 2008 WL 2812018 at *4 (E.D. Ky. 2008).

The Supreme Court has recognized the importance of uniform federal law in interpretation of collective bargaining agreements and has "made clear that § 301 of the LMRA preempts any state-law claim arising from a breach of a collective bargaining agreement." *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004) (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989)). Because Plaintiff alleged violations of her collective bargaining agreement in at least paragraphs 31, 46 and 51 of her original Complaint, it should have been clear to Defendants that the case was removable initially under § 301. Accordingly, Defendants' notice of removal filed more than thirty days after receipt of the complaint by the later-served defendant is untimely.

Defendants' assertion of § 301 preemption as a defense in their answer demonstrates that Defendants had notice from the Complaint that the case was preempted and removable. The case law is clear that a matter is removable when "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Jones v. General Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991).

In *Mattis v. Massman*, 355 F.3d 902 (6th Cir. 2004), the plaintiff alleged tortious interference with a business relationship and intentional infliction of emotional distress. *Id.* at 904. In support of the claims Mattis alleged his supervisor harassed him by "assigning workers with less seniority to the more desirable jobs, ... forcing Mattis to perform the more difficult jobs in the plant, ... and refusing to grant Mattis an excused absence when he was ill." *Id.* These claims are strongly similar to Walters' claims that her supervisor assigned the more desirable jobs to male workers with less seniority and required her to perform regular duty work while she was on light duty restrictions. The court said "resolution of the plaintiff's claim will not involve the direct interpretation of the CBA, but ... will require a court to address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created by a CBA." *Id.* at 907 (quoting *Jones v. General Motors Corp.*, 939 F.2d 380, 382-83 (6th Cir. 1991). The court held the claims were preempted because they "all involve workplace actions taken under the ostensible authority of the CBA, and seem to be a subtle attempt to present contract claims in tort clothing." *Id.* at 908.

Additionally, Defendants' theory that it needed the Plaintiff to tell them whether the CBA must be interpreted is flawed logic. Whether it is necessary to interpret a CBA in order to resolve a case is a question of law, not a question of fact only within the knowledge of the plaintiff. *See Allis-Chalmers,* 471 U.S. at 214 ("whether the [state] tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law."). To the extent

any fact question might have existed, however, *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055 (6th Cir. 2008), a case on which Defendants rely, says:

> And if the defendant has a legitimate doubt as to whether a complaint raises a federal cause of action, there is no law that prohibits the defendant from simply contacting the plaintiff and requesting a written confirmation that only state-law claims are being asserted.

*Id.* at 1064.

The following cases illustrate untimely removal petitions and further support the outcome in this case that the notice of removal was untimely. In *Deutsche Bank National Trust Company v. Mitchell*, 2008 WL 2812018 (E.D. Ky. 2008), a case cited by Defendants [DE 8, p. 3], the issue was whether the amount in controversy satisfied the jurisdictional requirement. The Mitchell home was insured for $92,600, but the mortgage balance at the time the home burned to the ground was $84,000. When the bank filed a foreclosure petition, the Mitchells filed a third-party complaint against their insurance carrier, Sentry, for the full amount of the policy, plus interest, and other damages. Sentry claimed it interpreted the third-party complaint to mean the Mitchells were seeking the difference between the policy limits and the mortgage amount, and it did not know they were seeking the policy limits <u>in addition to the mortgage</u> payment until it received a settlement demand. *Id.* at *2. The court held that Sentry had notice the jurisdictional amount was likely in issue and the case was removable when it was served with the third-party complaint. Accordingly, it could not extend the time for removal under the second paragraph of § 1446(b). *Id.* at *5.

In *Pearson v. Gerber Products Co.*, 788 F. Supp. 410 (W. D. Ark. 1992), the plaintiff alleged his employer and the group health insurer breached the insurance contract by refusing payment of claims related to his daughter. *Id.* at 411. A few months later, Plaintiff amended the complaint to add a claim for the tort of bad faith, and the Defendants removed the case within thirty days thereafter. The notice of removal said the state law claims were preempted by ERISA. The court held that the case as originally filed was removable under ERISA. The amendment did not provide

a new source of federal jurisdiction that had not been present earlier or a substantial alteration of the nature of the suit. *Id.* at 412. Accordingly, the removal was untimely; the case was remanded.

In *Washington v. Jefferson Township Local School District School Board,* 2005 WL 2277419 (S.D. Ohio 2005), the receipts for service of the complaint by certified mail were not dated, but the docket sheet showed they were returned to the clerk on August 18, 2004. The court rejected an argument that the time for removal should run from the date the receipts were returned. It noted the Sixth Circuit requirement that "the statute conferring removal jurisdiction is to be construed strictly." *Id.* at *1. It also noted that the "party removing an action bears the burden of establishing that the notice of removal was filed in a timely manner." *Id.* The court held that the defendants failed to show their removal notice filed September 17, 2004 was timely. The case was remanded. *Id.* at *3. *See also Curry v. Applebee's international, Inc.*, 2009 WL 4975274 at *8 (S.D. Ohio 2009) (Upon receipt of a settlement letter demanding 5 percent of total sales, defendants "were aware of sufficient evidence" that total sales were in issue and the amount in controversy more than likely exceeded the jurisdictional amount ).

It is the opinion of this Court that the allegations based on breach of the CBA made Plaintiff's case stated by the initial pleading "removable" under § 301 of the LMRA. Defendants' notice of removal filed more than thirty days after service of the Complaint is untimely. All doubts should be resolved in favor of remand. *Eastman*, 438 F.3d at 550.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand [DE 7] is **GRANTED**. This matter is **REMANDED** to the Fayette Circuit Court and shall be **STRICKEN** from the Court's active docket.

This April 19, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**